NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2870
_____

JAMES BENTLEJEWSKI,

Appellant

v.

WERNER ENTERPRISES INC; DRIVERS MANAGEMENT, LLC,
a wholly owned subsidiary of Werner Enterprises, Inc.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-13-cv-01385)
District Judge: Honorable David S. Cercone
_____

Argued May 19, 2016
Before: SMITH, HARDIMAN, and SHWARTZ, *Circuit Judges*.

(Filed: June 28, 2016)

John D. Newborg (Argued)
225 Ross Street, 4th Floor
Pittsburgh, PA 15219
          *Attorney Appellant*

Timothy R. Smith (Argued)
Christopher T. Sasada
Pion, Nerone, Girman, Winslow & Smith, P.C.
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA 15222
          *Attorneys for Appellees*

_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

James Bentlejewski appeals the District Court's summary judgment disposing of his claims against Werner Enterprises, Inc. for defamation, trade libel, and intentional interference with contractual relationships. We will affirm.

I

Bentlejewski worked as a truck driver for Werner from May 2011 until he quit one year later. After leaving Werner, Bentlejewski started training as a conditional driver associate at Schneider National, Inc. Pursuant to Federal Motor Carrier Safety Administration (FMCSA) regulations, Schneider requested Bentlejewski's accident and driving history report from Werner. In response, Werner provided Schneider with an employment verification that identified four minor accidents involving Bentlejewski during his employment with Werner, and classified each accident as "prevent[able]." App. 241. By email dated May 25, 2012, Schneider told Bentlejewski that he would not be considered for a driving position.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nearly a year later, in March 2013, Bentlejewski began probationary employment with Vitran Express, Inc. Vitran requested Bentlejewski's accident and driving history report from Werner pursuant to FMCSA regulations. In June 2013, Werner provided Vitran with an employment verification that again identified the same four "prevent[able]" minor accidents. Two days later, Vitran notified Bentlejewski that his probationary employment would not be continued.

Bentlejewski filed a complaint in September 2013, alleging that the employment verifications that Werner provided Schneider and Vitran contained false and misleading information. After discovery, the District Court granted Werner's motion for summary judgment, finding that Werner published information about Bentlejewski's driving record subject to a conditional privilege and Bentlejewski failed to defeat that privilege. The Court also found that Bentlejewski failed to show that Werner acted improperly in providing information to Bentlejewski's prospective employers. This timely appeal followed.

II

The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015). We will affirm if the moving party establishes that there is no genuine dispute of material fact and that the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(a). Neither party challenges the District Court's decision to apply Pennsylvania law.

A

There is no dispute that Werner's submissions of the employment verifications to Bentlejewski's prospective employers were conditionally privileged under both Pennsylvania and federal law. *See Grogan v. Duane, Morris & Heckscher*, 1991 WL 98888, at *7 (E.D. Pa. June 4, 1991) ("Under Pennsylvania law, a conditional privilege applies when a prior employer provides an evaluation of a former employee to a prospective employer." (citing *Zuschek v. Whitmoyer Labs., Inc.*, 430 F. Supp. 1163, 1165 (E.D. Pa. 1977))); 49 U.S.C. § 508(a) (protecting those who provide information about a driver's safety performance history from defamation, invasion of privacy, and interference with contract actions); 49 C.F.R. § 391.23(*l*) (same). Thus, to maintain a claim for defamation, Bentlejewski had to prove abuse of the privilege.

In evaluating whether Werner abused its privilege, the District Court applied an "actual malice" standard under Pennsylvania law. In other words, Bentlejewski needed to show that Werner intentionally included false information on his employment verifications or did so with reckless disregard for the truth to defeat the conditional privilege. On appeal, both parties agree that Pennsylvania law requires only a showing of negligence. *See Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa.*, 923 A.2d 389, 400 (Pa. 2007). This error by the District Court is unavailing to Bentlejewski, however,

4

because the Pennsylvania negligence standard is preempted by federal transportation law. *See* U.S. Const. art. VI, § 1, cl. 2 (Supremacy Clause); *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 1594–95 (2015) (explaining conflict preemption); 49 U.S.C. § 508(c) (expressly preempting state law).

Federal law specifically protects employers against defamation and interference with contract actions when they provide information about a driver's safety performance history. 49 U.S.C. § 508(a); *see* 49 C.F.R. § 391.23(*l*)(1)(ii). These protections do not apply, however, "to persons who *knowingly* furnish false information." 49 U.S.C. § 508(b)(3) (emphasis added); *see* 49 C.F.R. § 391.23(*l*)(2) (same). The District Court focused on whether Werner knowingly furnished false information, and thus its use of the words "actual malice" was harmless.

Turning to the question of whether Werner abused its privilege, Bentlejewski argues that the employment verifications contained false information regarding three of the four accidents. Bentlejewski's evidence does not support that conclusion, even under the deferential summary judgment standard. He signed accident review reports admitting the facts regarding two of the three accidents at issue and has not offered any evidence to counter those initial findings, which were later confirmed by Werner's Safety Director. During his deposition, Bentlejewski admitted that he had no evidence other than his own recollections. And although Bentlejewski initially contested the third accident, he produced no evidence except for an inconclusive video. This was insufficient to show that

5

Werner knowingly submitted false information regarding these accidents. In sum, Bentlejewski did not show that Werner provided false information, knowingly or otherwise, regarding his driving record.

## B

Bentlejewski next argues that the District Court erred when it granted Werner summary judgment on his claim of intentional interference with contractual relationships. This claim fails for largely the same reason his defamation claim failed, namely for want of evidence to support the notion that Werner knowingly provided any false information or otherwise acted improperly in providing the employment verifications to Schneider and Vitran. *See* 49 U.S.C. §§ 508(a)–(b); 49 C.F.R. §§ 391.23(*l*)(1)–(2); *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*, 982 A.2d 94, 98 (Pa. Super. Ct. 2009) (requiring "proof that the defendant's actions were improper under the circumstances presented" to overcome privilege for sharing information).

## III

For the foregoing reasons, we will affirm the District Court's order.